IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. |
| v. | : | |
| | : | 1:13-cr-379 |
| CHUNG, ET AL. | : | |
| | : | |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

The United States of America, by and through its counsel, Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and John S. Ghose and Ryan Scott Ferber, Assistant United States Attorneys, hereby move pursuant to Federal Rule of Criminal Procedure 16(d) for a protective order that limits the use and dissemination of discovery materials provided by the government to protect personally identifiable information contained in these materials, as set forth in the proposed protective order attached to this motion.

In support of this motion, the government states as follows:

1. On September 17, 2013, a Northern District of Georgia grand jury returned a thirteen-count indictment against the five defendants in this matter charging them with Hobbs Act extortion, firearms, and drug trafficking offenses.

2.      On September 18 and 19, 2013, the Federal Bureau of Investigation, with assistance from state and local law enforcement, conducted takedown arrests across the Atlanta metropolitan area.

3.      In preparation for the arrested defendants' initial appearances in this district, the government has assembled its discovery production. The discovery material in this case is voluminous, and includes over 200 separate wire recordings spanning a two-year undercover investigation into the defendants' extortion and drug trafficking conspiracies. The discovery material also included a voluminous amount of documentary evidence as well.

4.      The voluminous discovery includes private information about non-defendant individuals, including, but not limited to, wire recordings of unindicted coconspirators, the identities and locations of unindicted coconspirators, reports detailing surveillance of locations used by the conspirators, identifying information about cooperating human sources, and information obtained from third parties, such as telephone service providers and financial institutions, that contain addresses, social security numbers, tax-payer identification numbers, and other personal account information of non-defendant individuals.

5.      Because the discovery material is voluminous, it is not practicable to

identify, redact, or otherwise treat, in a document-by-document or recording-by-recording fashion, those materials that may contain sensitive and confidential information. Doing so would be unduly burdensome and subject to error given the large volume of data involved.

6.  Federal Rule of Criminal Procedure 16(d) authorizes a court to enter a protective order in a criminal case for "good cause." Fed. R. Crim. P. 16(d)(1); *see also United States v. Nava-Salazar*, 30 F.3d 788, 800-801 (7th Cir. 1994) (protective order pursuant to Rule 16(d)(1) was a "justifiable, necessary and proper step" because non-protected disclosure "could have threatened the life and safety of a number of the persons involved, including the undercover [federal] agents and their informants"); *United States v. Aiken*, 76 F. Supp.2d 1339, 1343 (S. D. Fla. 1999) (Rule 16(d)(1) (protective order appropriate where the government had reason to believe that the defendant might make improper attempts to influence a government witness before trial).

7.  Good cause exists for this protective order because the discovery material includes identifying information about, among others, cooperating informants and undercover federal agents, and there is evidence that the defendants' criminal enterprise engaged in witness tampering and intimidation in relation to other criminal

proceedings. A protective order is therefore the most reasonable way of balancing the defendants' need for access to these materials, with the rights of individuals whose information may be included in the discovery. Furthermore, the proposed protective order is tailored to allow the defense to have meaningful access to discovery materials while adequately protecting the confidential and sensitive information contained therein.

WHEREFORE, the United States of America respectfully requests that the Court issue the protective order presented to the Court.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

_____
JOHN S. GHOSE
ASSISTANT UNITED STATES ATTORNEY
Tel: 404/581-4632
Fax: 404/581-6181
Provisionally admitted pursuant to
Local Rule 83.1A(3)

RYAN SCOTT FERBER
ASSISTANT UNITED STATES ATTORNEY
Tel: 404/581-6012
Fax: 404/581-6181
Georgia Bar No. 142082

75 Spring Street, S.W.
Atlanta, GA 30303

## CERTIFICATE OF COMPLIANCE AND SERVICE

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Goudy Old Style font, 14-point type, and that the undersigned has this date electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Attorneys for defendants

This 19th day of September, 2013.

_____
JOHN S. GHOSE
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. |
| v. | : | |
| | : | 1:13-cr-379 |
| CHUNG, ET AL. | : | |
| | : | |

PROTECTIVE ORDER

WHEREAS, the United States is prepared to produce discovery to defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, ATHITH A. VORASITH, a/k/a Andy Vorasith, JONG SUNG KIM, a/k/a John Kim, YE EL CHOI, a/k/a David Choi, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, and their counsel;

WHEREAS, that discovery material is voluminous and contains sensitive and private information about non-defendant individuals, including, but not limited to, wire recordings of unindicted coconspirators, the identities and locations of unindicted coconspirators, reports detailing surveillance of locations used by the conspiracy, identifying information about cooperating human sources, and information obtained from third parties, such as telephone service providers and financial institutions, that contain addresses, social security numbers, tax-payer identification numbers, and other personal account information of non-defendant individuals;

WHEREAS, that discovery material is voluminous, and it is thus not practicable to identify, redact, or otherwise treat in a document-by-document or recording-by-recording fashion those materials that may contain sensitive and confidential information because doing so would be unduly burdensome and subject to error given the large volume of data involved; and

WHEREAS, good cause exists for this protective order, which is tailored to allow the defense to have meaningful access to discovery materials while adequately protecting the confidential and sensitive information contained therein;

IT IS THEREFORE ORDERED that, pursuant to Federal Rule of Criminal Procedure 16:

1. The discovery materials that the United States produces to defense counsel pursuant to this criminal action (the "Discovery"), shall not be disseminated to any individual, organization, or other entity, other than:

    a. members of the defense team (defense counsel, paralegals, investigators, litigation support personnel, administrative staff, and court-certified interpreters);

    b. any expert, consultant, or individual that the defense team retains or has retained to assist in the preparation of the defense;

      c.      the attorneys representing the United States in this matter; and

      d.      the Court, provided that any sensitive or private information is redacted pursuant to the United States District Court for the Northern District of Georgia's Standing Order No. 04-02 unless otherwise ordered by the Court. This applies to all Discovery, regardless of whether such Discovery has already been produced or will be produced in the future, and regardless of whether such Discovery has or will be produced pursuant to Rule 16 or otherwise.

    2.    Upon any dissemination of any Discovery or other materials containing sensitive or private information, defense counsel will inform the recipient of the contents of this Order and the requirement to maintain the confidentiality of the information conveyed.

    3.    Defense counsel and members of the defense team may show but not provide copies of the Discovery to any non-expert witness or other person if it is determined that it is necessary to do so for the purpose of preparing the defense of the case.

    4.    When being shown the Discovery, the defendants may take notes, but any notes that the defendants retain for personal review outside of defense counsel's presence cannot contain any of the following:

      a.      confidential, sensitive, and/or personally identifiable information related to confidential human sources or informants – including, without limitation, names, social security numbers, dates of birth, contact information, addresses, familial relationships, physical descriptions, information that the confidential human source / informant provided to law enforcement, or descriptions of the confidential human source's / informant's activities on behalf of law enforcement;

      b.      confidential and/or sensitive information related to law enforcement – including, without limitation, locations surveiled by law enforcement, or the names, email addresses, and telephone numbers of federal, state, and local law enforcement (including employees of the Federal Bureau of Investigation, the United States Attorney's Office, the Department of Justice, and state and local law enforcement); and/or

      c.      identifying information related to coconspirators – including, without limitations, names, nicknames, email addresses, telephone numbers, and addresses.

5.      If defense counsel desires to disclose, make available, or communicate the Discovery to any other person not described in this Order, counsel for the United States must first be so advised and must approve of the disclosure. If the parties cannot

agree to the framework of disclosure, the dispute shall be submitted to this Court for review. Defense counsel shall not disclose the Discovery to the requested person, unless and until defendant obtains authorization from the Court to do so.

6. This Order solely governs the defendants' and defense team's use of discovery specifically produced or made available in this criminal action. This order does not limit the defendants' and defense team's use of documents that they might already possess prior to receiving discovery, or might obtain through other means.

7. This Order shall survive the final termination of this action, and that upon termination of this action and, upon the termination of any appeal, counsel for the defendants shall return all copies of the Discovery to the government or shall certify that said documents and audio-visual material have been destroyed.

SO ORDERED this _____ day of September, 2013

_____
Russell G. Vineyard
United States Magistrate Judge