IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHUNG, ET AL. | Criminal Action No.<br><br>1:13-cr-00379-TCB-AJB |

## GOVERNMENT'S MEMORANDUM SUPPORTING CONTINUED SEPARATION OF DEFENDANTS CHUNG AND VORASITH

The United States of America, by Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and John S. Ghose and Ryan Scott Ferber, Assistant United States Attorneys, files this memorandum setting forth the factual bases for continued separation of defendants Eugene Chung and Andy Vorasith during their pretrial detention.

**I.     BACKGROUND**

On September 17, 2013, a federal grand jury returned an indictment charging Eugene Chung, Andy Vorasith, John Kim, David Choi, and Tommy Lee with conspiracy to commit Hobbs Act extortion and other crimes.  On September 19, 2013, these five defendants appeared before Magistrate Judge Vineyard for their initial appearances in federal court.   The government filed motions for detention for each of the five defendants.

On September 24, 2013, after conducting an extensive detention hearing, the Court granted the government's motion for detention as to Eugene Chung and Andy Vorasith, citing, among other things, the violent assault that occurred on December 2, 2009, which was committed by Eugene Chung and Andy Vorasith

1

as part of an ongoing extortion conspiracy. Shortly after the detention hearing, the undersigned government attorney filed a request with the United States Marshals Service to separate detainees Chung and Vorasith for their own safety and to prevent potential collusion and witness tampering. With regard to the defendants who were released on bond pretrial — *i.e.*, Kim, Choi, and Lee — the Court agreed, among other things, to restrict each out-of-custody defendant's contact with others, including specifically prohibiting them from contacting any witnesses or other co-defendants in the case. *See* Orders Setting Conditions of Release, at docket nos. 61, 64 & 70, additional condition (7)(f) ("avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including [] Victim # 1 and co-defendants").

On October 15, 2013, a pretrial conference was held, at which this Court inquired into any outstanding issues in the case. Counsel for Chung questioned whether continued separation of the detained defendants, Chung and Vorasith, was necessary and appropriate. Counsel for Vorasith echoed that position. This Court then instructed the government to file a memorandum setting forth the factual bases for continued separation of Chung and Vorasith.

## II.     ARGUMENT

Notwithstanding their willingness to have contact with each other, Chung and Vorasith should remain separated for the same reasons Kim, Choi, and Lee, have been ordered to avoid all contact, direct or indirect, with one another while on pretrial release awaiting trial — *i.e.*, to decrease the potential for collusion or obstruction of justice.  For these same reasons, the government requested that the Marshals separate Chung and Vorasith during pretrial detention.  *Cf.* 28 C.F.R. § 524.72(f) (authorizing the Bureau of Prisons to separate prisoners if they have "exhibited aggressive or intimidating behavior towards other specific individuals, either in the community or within the institution" and also providing that a facility may designate as separatees those inmates "from whom there is no identifiable threat, but who are to be separated from others at the request of the Federal Judiciary or U.S. Attorneys")

The defendants are charged with jointly operating extortion and drug conspiracies as part of a criminal gang, and thus are likely to have inculpatory information about one another.  This creates the potential for the defendants to attempt to influence one another.  In addition, there are particularly strong reasons to separate Chung and Vorasith in light of the evidence showing their close relationship and Chung's significant influence and control over Vorasith.

For example, during a recorded meeting on January 28, 2010, involving Victim # 1, Eugene Chung, Patrick Lee, and Andy Vorasith, Chung explained that the Vietnamese and Laotian guys who worked for him, including Andy Vorasith, were very loyal to him, and would go to prison for him if necessary. This assertion is supported by many other recorded calls and meetings that make

it clear that Andy Vorasith was the right-hand man, or "muscle," for Eugene Chung, and was willing to do whatever he asked him to do.  Indeed, in his post-arrest Mirandized statement, Vorasith explained that Chung was like a "brother" to him and that, during the December 2, 2009, assault at issue in Counts One, Three, and Four of the Indictment, Vorasith punched Victim # 1 in the face because Vorasith "had Chung's back."

In light of the fact that the defendants who have been released pending trial are specifically prohibited from interacting with one another, it only makes sense that the defendants who have been detained pretrial, i.e., Chung and Vorasith, should also be separated from one another.  This is particularly true given the close relationship between Chung and Vorasith, which makes Vorasith particularly vulnerable to witness coaching by Chung.  *See, e.g.*, *United States v. Gaitan-Ayala*, Cr. No. 07–00268–01 JMS, 2009 WL 948342, at *4 (D. Hawaii Apr. 3, 2009) (authorizing the pretrial separation of the defendant from his co-defendants at the government's request because of the nature of the charges against the defendants, the possibility of collusion, and the fact that one co-defendant had expressed to the government that he felt pressured to not plead guilty and decided not to enter a plea on the day his change of plea hearing was scheduled and after the defendant's attorney visited him); *U.S. v. Wegers*, No. CR05-0231C, 2006 WL 753242, at *1-2 (W.D.Wash. Mar. 20, 2006) (denying the defendants' motion to modify or remove the pretrial separatee designation applied to him and his codefendants, which was done at the government's request to avoid collusion and witness tampering); *cf.also Bell v. Wolfish*, 441 U.S. 520, 539, (1979) ("[I]f a particular condition or restriction of pretrial detention is

reasonably related to a legitimate governmental objection, it does not, without more, amount to 'punishment." ').

### III. CONCLUSION

Accordingly, the government respectfully submits that the continued separation of detained defendants Chung and Vorasith pending trial is warranted and appropriate in this case.

> Respectfully submitted,
>
> SALLY QUILLIAN YATES
> *United States Attorney*
>
>
> /s/ JOHN S. GHOSE
> *Assistant United States Attorney*
>
> 75 Spring Street, S.W., Suite 600
> Atlanta, GA  30303-3309
> (404) 581-4632
> john.ghose@usdoj.gov
> Provisionally admitted pursuant to
> Local Rule 83 .1A(3)

## CERTIFICATE OF SERVICE

I hereby certify that I have served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record, and also by emailing a copy to the following defense counsel of record:

| | |
|---|---|
| Steve Sadow, Esq.<br>Attorney for Eugene Chung<br>steve8300@mindspring.com | Millie Dunn, Esq.<br>Attorney for Andy Vorasith<br>millie_dunn@fd.org |
| Leigh Finlayson, Esq.<br>Attorney for John Kim<br>lbfcourts@aol.com | Ravi Rayasam, Esq.<br>Attorney for David Choi<br>ravi@rayasamfirm.com |
| John Lovell, Esq.<br>Attorney for Tommy Lee<br>jlovell@hw-law.com | |

October 21, 2013

/s/ JOHN S. GHOSE

JOHN S. GHOSE

*Assistant United States Attorney*