

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 1 8 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | NO. 1:13-CR-379-TCB-AJB |
| EUGENE THOMAS CHUNG<br>a/k/a Yoo Jin Chung<br>ATHITH A. VORASITH<br>a/k/a Andy Vorasith<br>JONG SUNG KIM<br>a/k/a John Kim<br>YE EL CHOI<br>a/k/a David Choi<br>THOMAS JUNGWON LEE<br>a/k/a Tommy Lee | SUPERSEDING |

THE GRAND JURY CHARGES THAT:

COUNT ONE

(Conspiracy to Commit Extortion by Wrongful Use of Force, Violence, or Fear)
(18 U.S.C. § 1951(a))

Beginning in or around May 2009, and continuing until on or about November 25, 2011, in the Northern District of Georgia, and elsewhere, Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, ATHITH A. VORASITH, a/k/a Andy Vorasith, JONG SUNG KIM, a/k/a John Kim, YE EL CHOI, a/k/a David Choi, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, did knowingly and intentionally conspire with one another, and with others known and unknown to the Grand Jury, to obstruct, delay, and affect commerce, in any way or degree, and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951, in that Defendants did conspire to unlawfully obtain property from victims known and unknown to the Grand Jury, in the form of United States currency and other property not otherwise due to Defendants, by inducing or attempting to

induce consent from the victims through the wrongful use of force, violence, and fear, including fear of economic loss, all in violation of Title 18, United States Code, Section 1951(a).

## Objectives of the Conspiracy

1.  The purpose of the conspiracy was to generate money for the conspirators' enterprise through extortion by the wrongful use of force, violence, or fear; by extortionate and unlawful collection of debts; by promoting illegal activities that fostered Defendants' extortionate collection of debts, such as drug trafficking, gambling, prostitution, and firearms trafficking; and by protecting and promoting the enterprise through acts of violence, actual and implied threats of violence, and the cultivation and exploitation of the enterprise's reputation for violence.

## Manner and Means of the Conspiracy

In furtherance of the conspiracy and to accomplish its objectives, the conspirators committed various acts within the Northern District of Georgia, and elsewhere, including but not limited to the following:

2.  In or around July 2009, Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by his co-conspirators, unlawfully demanded a monthly share of the profits of Gah Bin Korean bar and restaurant, located at 1960 Day Drive, Suite 900, Duluth, in Gwinnett County, Georgia ("Gah Bin"), from Victim # 1, a person known to the Grand Jury, in exchange for "protection," that is, refraining from, and deterring of others from, physically assaulting Victim #1, harassing his/her customers and employees, and otherwise damaging his/her business.

3.  In or around July 2009, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by his co-conspirators, caused Victim # 1 to consent to making monthly protection payments to the conspirators through their wrongful use of force, violence, and fear, including fear of economic loss, by, among other things, making it known to Victim # 1 that the

conspirators routinely carried firearms and terrorized other Korean business owners in the Gwinnett County, Georgia ("Gwinnett County") area. In exchange for receiving monthly protection payments from Victim # 1, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, and his co-conspirators agreed to refrain from, and deter of others from, physically assaulting Victim # 1, harassing his/her customers and employees, and otherwise damaging his/her business.

4. In or around July 2009, as a result of the conspirators' intimidation and threats, the conspirators caused Victim # 1 to make an approximately $800 cash protection payment to Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, at Gah Bin.

5. In or around August 2009, as a result of the conspirators' intimidation and threats, the conspirators caused Victim # 1 to make an approximately $800 cash protection payment to an unindicted co-conspirator, unknown to the Grand Jury, who was an associate of Defendant, JONG SUNG KIM, a/k/a John Kim, at Gah Bin.

6. In or around September 2009, as a result of the conspirators' intimidation and threats, the conspirators caused Victim # 1 to make an approximately $400 protection payment to a person known to the Grand Jury at a bank in the Gwinnett County area.

7. In or around October 2009, as a result of the conspirators' intimidation and threats, the conspirators caused Victim # 1 to make an approximately $700 protection payment to an unindicted co-conspirator, known to the Grand Jury, in the parking lot of a Korean restaurant in the Gwinnett County area.

8. On or about December 16, 2009, after Victim # 1 missed making a monthly protection payment he/she was due to pay, Defendants EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, ATHITH A. VORASITH, a/k/a Andy Vorasith, and JONG SUNG KIM, a/k/a John Kim, aided and abetted by one another, and by unindicted co-conspirators known and unknown to the Grand Jury, approached Victim # 1 at Gah Bin, forced Victim # 1 into one of the restaurant's karaoke rooms, demanded payment from Victim # 1, and threatened to harm Victim # 1 if he/she did not pay. Defendant EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung,

threatened to kill Victim # 1 if he/she did not pay and ordered Defendant ATHITH A. VORASITH, a/k/a Andy Vorasith, to get a firearm from a car outside Gah Bin. Defendant ATHITH A. VORASITH, a/k/a Andy Vorasith, retrieved a black, semiautomatic pistol and gave it to Defendant EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, who then racked the pistol, pointed it at the head of Victim # 1, and threatened to pull the trigger. Defendant ATHITH A. VORASITH, a/k/a Andy Vorasith, then punched Victim #1 in the face, breaking his nose, and Defendant EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, struck Victim # 1 in the head with the metal grip of the pistol, knocking Victim # 1 unconscious.

9. Shortly after the assault on December 16, 2009, Defendant EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, told Victim # 1 that he would kill Victim # 1 if he/she called the police.

10. On or about January 13, 2010, at Gah Bin, JONG SUNG KIM, a/k/a John Kim, aided and abetted by Defendant EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, collected a $500 protection payment from Victim # 1.

11. On or about January 14, 2010, Defendants EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, and JONG SUNG KIM, a/k/a John Kim, aided and abetted by each another, agreed to resume protection of Victim # 1 by refraining from committing acts of violence against Victim # 1, and by promising to defend Victim # 1 from others seeking protection payments through force and intimidation in the Gwinnett County area.

12. On or about January 21, 2010, at a Korean restaurant located in the Gwinnett County area, Defendant JONG SUNG KIM, a/k/a John Kim, aided and abetted by Defendant EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, collected a $500 protection payment from Victim # 1.

13. On or about March 10, 2010, at a Korean restaurant in the Gwinnett County area, Defendants EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, ATHITH A. VORASITH, a/k/a Andy Vorasith, THOMAS JUNGWON LEE, a/k/a Tommy Lee, and other co-conspirators

known and unknown to the Grand Jury, met with a person the conspirators believed to be an uncle of Victim # 1 who represented that he was a wealthy businessman interested in buying large quantities of marijuana (the "patron"), but who was actually an undercover Special Agent of the Federal Bureau of Investigation. During this meeting, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, explained that he ran a marijuana distribution business and offered a menu of other illegal services as well, including gambling, extortion and extortionate debt collection. EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, offered to help the patron if the patron ever needed money collected and stated, "If you need us to beat up anybody, we're professionals at that." EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, added that he and his co-conspirators were "best at making people crippled," and said they could also make people "permanently limp, blind, or deaf." After asking whether the patron had any clients that owed him debts, and upon hearing that the patron had a debt that needed to be collected from a businessman in Houston, Texas ("Victim # 2"), EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, offered to collect that debt for the patron.

14. On or about April 16, 2010, Defendants YE EL CHOI, a/k/a David Choi, and ATHITH A. VORASITH, a/k/a Andy Vorasith, aided and abetted by EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, and an unindicted co-conspirator known to the grand jury, approached an associate of the conspirators ("Victim # 3"), a person known to the grand jury, in the parking lot of Stars and Strikes bowling alley, located at 133 Merchant Square, Cumming, in Forsyth County, Georgia, and unlawfully demanded, through force and intimidation, that Victim # 3 pay the drug debt owed by an associate whom Victim # 3 had introduced to the conspirators. Defendants YE EL CHOI, a/k/a David Choi, and ATHITH A. VORASITH, a/k/a Andy Vorasith, pulled Victim # 3 from the car in which he/she was sitting, punched and kicked Victim # 3 repeatedly, causing cuts and bruises to his/her face and body, and attempted to force Victim # 3 into the conspirators' car, where Victim # 3 believed he/she was going to be killed, until an off-duty police officer interrupted the assault.

15. On or about April 17, 2010, Defendant EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by YE EL CHOI, a/k/a David Choi, called Victim # 3 on the telephone and offered to pay Victim # 3 $10,000 in cash in exchange for not pressing charges against YE EL CHOI, a/k/a David Choi.

16. On or about July 2, 2010, Defendants EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, met with the patron and arranged to have the conspirators collect a debt, through force and intimidation, purportedly owed to the patron by Victim # 2. EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, offered to get twenty to thirty guys ready for the job, and he said that Victim # 2 was "sure to pay" because the conspirators were "really good at collecting money" and Victim # 2 would be "scared."

17. Between on or about July 9, 2010, and July 17, 2010, Defendant EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, participated in multiple telephone calls with the patron in which they discussed the planned extortionate debt collection of Victim # 2.

18. On or about July 20, 2010, Defendant EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by conspirators known and unknown to the Grand Jury, met with the conspirators' patron and, after the patron provided $2,000 to EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, they discussed the planned extortionate debt collection of Victim # 2. During this meeting, it was agreed that the debt collection was to occur the following day at the Atlanta Hartsfield-Jackson Airport where Victim # 2 was to be passing through on a connecting flight, and was to involve between ten and twelve conspirators who would physically intimidate Victim # 2 and who would be "strapping," that is, carrying firearms. EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, told the patron that, when asked not to break the legs of Victim # 2, it nevertheless sometimes "happens," but that usually it is not necessary because his guys will "stare" at Victim #2 "like they want to kill him," and that he will "get the impression really quick." EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, told the patron that "people in

Atlanta know if you don't pay you get killed," and that if Victim # 2 did not pay, the conspirators would show up at his work in Texas.

20. On or about July 21, 2010, Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, ATHITH A. VORASITH, a/k/a Andy Vorasith, YE EL CHOI, a/k/a David Choi, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, aided and abetted by unindicted co-conspirators known and unknown to the Grand Jury, gathered together, with the conspirators' patron, in the parking lot of Kang Nam restaurant, in DeKalb County, Georgia, and traveled together by car to Atlanta Hartsfield-Jackson Airport, with at least one firearm in a backpack, where they were to meet Victim # 2 for the purpose of threatening and intimidating Victim # 2 in order to collect the approximately $200,000 of debt they believed he owed the patron. Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, ATHITH A. VORASITH, a/k/a Andy Vorasith, YE EL CHOI, a/k/a David Choi, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, aided and abetted by unindicted co-conspirators known and unknown to the Grand Jury, arrived at the Atlanta Hartsfield-Jackson Airport atrium and approached Victim # 2, who was actually an undercover Special Agent for the Federal Bureau of Investigation, as he was sitting at a table at an Atlanta Bread Company restaurant, and surrounded that table in order to physically intimidate Victim # 2. Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by ATHITH A. VORASITH, a/k/a Andy Vorasith, ordered Victim # 2 to pay back the conspirators' patron, and threatened to visit Victim #2 and his wife at their purported home in Texas if Victim # 2 did not pay as required. Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, referred to the patron as the conspirators' "employer," and said to Victim # 2 that if "you don't pay," the conspirators "can't eat," and then "I come see you." Victim # 2 then paid the patron $5,000 and, after the meeting ended, the patron paid the conspirators $1,000 in cash for their assistance with Victim # 2.

20. On or about August 31, 2010, Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, called the patron to ask for the telephone number of Victim # 2 in Houston, Texas, in order to call him and enforce their agreed-upon debt repayment schedule.

21. On or about September 6, 2010, Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, called the telephone number of Victim # 2 and left several recorded voice messages in which he threatened the safety of Victim # 2 and his family if Victim # 2 did not pay as agreed. Later that same day, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, spoke with Victim # 2 by telephone and reiterated the threats he had made in his earlier voice messages.

22. On or about September 8, 2010, Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by ATHITH A. VORASITH, a/k/a Andy Vorasith, accepted a $1,000 payment from the conspirators' patron for assisting with collecting the debt from Victim # 2.

23. On or about February 24, 2011, Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by THOMAS JUNGWON LEE, a/k/a Tommy Lee, and other co-conspirators known and unknown to the grand jury, met with the patron to discuss the conspirators' additional menu of illegal services, including further extortionate debt collection, which the conspirators claimed they could conduct without discovery by the police.

24. On November 25, 2011, Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, solicited further extortionate debt collection work, and other illegal work, during a telephone call with the conspirators' patron.

## COUNT TWO

(Conspiracy to Possess Marijuana with the Intent to Distribute)
(21 U.S.C. § 846)

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. Beginning on or about February 10, 2010, and continuing until on or about July 15, 2011, in the Northern District of Georgia, and elsewhere, Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, YE EL CHOI, a/k/a David Choi, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, did knowingly and intentionally conspire, combine, confederate, agree, and have a tacit understanding with one another, and with others known and unknown to the Grand Jury, to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to knowingly possess, with intent to distribute, a controlled substance, namely less than 50 kilograms of marijuana, a schedule I controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(D).

## COUNT THREE

(Extortion by Wrongful Use of Force, Violence, or Fear)
(18 U.S.C. § 1951(a))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about December 16, 2009, in the Northern District of Georgia, Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, ATHITH A. VORASITH, a/k/a Andy Vorasith, and JONG SUNG KIM, a/k/a John Kim, aided and abetted by one another, and by others known and unknown to the Grand Jury, did knowingly attempt to obstruct, delay, and affect commerce, in any way or degree, and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, Defendants unlawfully attempted to obtain the property of Victim # 1, a person known to the Grand Jury, in the form of United States currency not otherwise due to Defendants, with the consent of Victim # 1 having been induced by the wrongful use of force, violence, and

fear, including fear of economic loss, all in violation of Title 18, United State Code, Sections 1951(a) and 2.

## COUNT FOUR

(Brandishing, Carrying, and Using a Firearm During and In Relation to a Crime of Violence)
(18 U.S.C. § 924(c))

1.  Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2.  On or about December 16, 2009, in the Northern District of Georgia, Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, and ATHITH A. VORASITH, a/k/a Andy Vorasith, aided and abetted by each other, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which Defendants may be prosecuted in a court of the United States, that is, attempted extortion by wrongful use of force, violence, or fear, as charged in Count Three above, all in violation of Title 18, United State Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT FIVE

(Extortion by Wrongful Use of Force, Violence, or Fear)
(18 U.S.C. § 1951(a))

1.  Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2.  On or about January 13, 2010, in the Northern District of Georgia, Defendants JONG SUNG KIM, a/k/a John Kim, and EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by each other, did knowingly attempt to obstruct, delay, and affect commerce, in any way or degree, and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, Defendants unlawfully attempted to obtain the property of Victim # 1, a person known to the Grand Jury, in the form of $500 of United States currency not otherwise due to Defendants, with the consent of Victim # 1 having been induced by the wrongful use of force, violence, and fear, including fear of economic loss, all in violation of Title 18, United State Code, Sections 1951(a) and 2.

## COUNT SIX
### (Extortion by Wrongful Use of Force, Violence, or Fear)
### (18 U.S.C. § 1951(a))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about January 21, 2010, in the Northern District of Georgia, Defendants JONG SUNG KIM, a/k/a John Kim, and EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by each other, did knowingly attempt to obstruct, delay, and affect commerce, in any way or degree, and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, Defendants unlawfully attempted to obtain the property of Victim # 1, a person known to the Grand Jury, in the form of $500 of United States currency not otherwise due to Defendants, with the consent of Victim # 1 having been induced by the wrongful use of force, violence, and fear, including fear of economic loss, all in violation of Title 18, United State Code, Sections 1951(a) and 2.

## COUNT SEVEN
### (Possession of Marijuana with the Intent to Distribute)
### (21 U.S.C. § 841(a)(1))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about February 11, 2010, in the Northern District of Georgia, Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, and YE EL CHOI, a/k/a David Choi, aided and abetted by each other, and by others known and unknown to the Grand Jury, did knowingly possess, with the intent to distribute, a controlled substance, namely less than 50 kilograms of marijuana, a schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT EIGHT
### (Possession of Marijuana with the Intent to Distribute)
### (21 U.S.C. § 841(a)(1))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about March 22, 2010, in the Northern District of Georgia, Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, and YE EL CHOI, a/k/a David Choi, aided and abetted by each other, and by others known and unknown to the Grand Jury, did knowingly possess, with the intent to distribute, a controlled substance, namely less than 50 kilograms of marijuana, a schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT NINE
### (Extortion by Wrongful Use of Force, Violence, or Fear)
### (18 U.S.C. § 1951(a))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about April 16, 2010, in the Northern District of Georgia, Defendants, ATHITH A. VORASITH, a/k/a Andy Vorasith, and EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by one another, and by others known and unknown to the Grand Jury, did knowingly attempt to obstruct, delay, and affect commerce, in any way or degree, and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, Defendants unlawfully attempted to obtain the property of Victim # 3, a person known to the Grand Jury, in the form of United States currency and property not otherwise due to Defendants, with the consent of Victim # 3 having been induced by the wrongful use of force, violence, and fear, including fear of economic loss, all in violation of Title 18, United State Code, Sections 1951(a) and 2.

## COUNT TEN
(Possession of Marijuana with the Intent to Distribute)
(21 U.S.C. § 841(a)(1))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about June 17, 2010, in the Northern District of Georgia, Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, aided and abetted by each other, and by others known and unknown to the Grand Jury, did knowingly possess, with the intent to distribute, a controlled substance, namely less than 50 kilograms of marijuana, a schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT ELEVEN
(Extortion by Wrongful Use of Force, Violence, or Fear)
(18 U.S.C. § 1951(a))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about July 21, 2010, in the Northern District of Georgia, Defendants, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, ATHITH A. VORASITH, a/k/a Andy Vorasith, YE EL CHOI, a/k/a David Choi, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, aided and abetted by one another, and by others known and unknown to the Grand Jury, did knowingly attempt to obstruct, delay, and affect commerce, in any way or degree, and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, Defendants unlawfully attempted to obtain the property of Victim # 2, a person known to the Grand Jury, in the form of United States currency and property not otherwise due to Defendants, with the consent of Victim # 2 having been induced by the wrongful use of force, violence, and fear, including fear of economic loss, all in violation of Title 18, United State Code, Sections 1951(a) and 2.

## COUNT TWELVE

(Extortion by Wrongful Use of Force, Violence, or Fear)
(18 U.S.C. § 1951(a))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about September 6, 2010, in the Northern District of Georgia, Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, did knowingly attempt to obstruct, delay, and affect commerce, in any way or degree, and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, Defendants unlawfully attempted to obtain the property of Victim # 2, a person known to the Grand Jury, in the form of United States currency not otherwise due to Defendants, with the consent of Victim # 2 having been induced by the wrongful use of force, violence, and fear, including fear of economic loss, all in violation of Title 18, United State Code, Sections 1951(a) and 2.

## COUNT THIRTEEN

(Possession of Marijuana with the Intent to Distribute)
(21 U.S.C. § 841(a)(1))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about November 16, 2010, in the Northern District of Georgia, Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by others unknown to the Grand Jury, did knowingly possess, with the intent to distribute, a controlled substance, namely less than 50 kilograms of marijuana, a schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT FOURTEEN
(Possession of Marijuana with the Intent to Distribute)
(21 U.S.C. § 841(a)(1))

1. Paragraphs 1 through 24 of Count One are incorporated herein by reference.

2. On or about July 15, 2011, in the Northern District of Georgia, Defendant, EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess, with the intent to distribute, a controlled substance, namely less than 50 kilograms of marijuana, a schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## FORFEITURE PROVISION

1. As a result of committing the offenses alleged in Counts One, Three, Five, Six, Nine, Eleven, and Twelve of this Superseding Indictment, the Defendants EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, ATHITH A. VORASITH, a/k/a Andy Vorasith, JONG SUNG KIM, a/k/a John Kim, YE EL CHOI, a/k/a David Choi, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 all property, real and personal, constituting or derived from proceeds traceable to those offenses, including but not limited to the following firearms: (1) Glock 27 .40 caliber handgun, serial number LTW368; (2) Taurus 9mm handgun PT709, serial number TDS72365; (3) Ruger SR9C 9mm handgun, serial number 332-33307; (4) Intratec 9mm Luger, Model AB-10, serial number A006910; (5) Maverick 88 12-Gauge shotgun, serial number MV42790P; and (6) Sig Sauer .45 caliber handgun, serial number GS80439.

2. Additionally, as a result of committing the offense alleged in Count Four of this Indictment, the Defendants EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, and ATHITH A. VORASITH, a/k/a Andy Vorasith shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461 all firearms and ammunition involved in the offense alleged in that Count.

3. As a result of committing one or more of the controlled substances offenses alleged in Counts Two, Seven, Eight, Ten, Thirteen, and Fourteen of this Indictment, defendants EUGENE THOMAS CHUNG, a/k/a Yoo Jin Chung, YE EL CHOI, a/k/a David Choi, and THOMAS JUNGWON LEE, a/k/a Tommy Lee, shall forfeit to the United States pursuant to 21 U.S.C. § 853, 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c) any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of a violation alleged in those offenses, including but not limited to the following firearms: (1) Glock 27 .40 caliber handgun, serial number LTW368; (2) Taurus 9mm handgun PT709, serial number TDS72365; (3) Ruger SR9C 9mm handgun, serial number 332-33307; (4) Intratec 9mm Luger, Model AB-10, serial number A006910; (5) Maverick 88 12-Gauge shotgun, serial number MV42790P; and (6) Sig Sauer .45 caliber handgun, serial number GS80439.

4. If, as a result of any act or omission of a defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property.

A  TRUE  BILL

/s/ Steven A. Cousins
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

/s/ John S. Ghose
JOHN S. GHOSE
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
Tel: 404/581-4632
Fax: 404/581-6181
Provisionally admitted pursuant to
Local Rule 83.1A(3)

/s/ Ryan Scott Ferber
RYAN SCOTT FERBER
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
Tel: 404/581-6012
Fax: 404/581-6181
Georgia Bar No. 142082