IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. |
| v. | ) | |
| | ) | 1:13-CR-379-TCB-AJB |
| EUGENE THOMAS CHUNG, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT EUGENE CHUNG'S RESPONSE AND OBJECTIONS TO THE GOVERNMENT'S PROPOSED *BRUTON* REDACTIONS

Defendant, Eugene Chung, objects to the proposed redactions offered by the government to the statements made by the co-defendants, as well as the redactions of Defendant Chung's statement that may be proposed by the co-defendants.   The redactions offered by the government skew the meaning of some of the statements (thus violating the Rule of Completeness embodied in Rules 106 and 611) and, in other instances, fail to cure the Confrontation Clause violation that will occur by virtue of introducing a co-defendant's statement without affording Chung the opportunity to cross-examine the declarant. The only appropriate methods of resolving these issues would be to sever the defendants' trials, or prohibit the government from introducing the statements of the defendants at trial.

The governing principles are familiar: A defendant is deprived of his rights

1

under the Confrontation Clause when his non-testifying co-defendant's confession or out-of-court statement naming him as a participant in the crime, is introduced at their joint trial, even if the jury is instructed to consider that confession only against the co-defendant. *Bruton v. United States,* 391 U.S. 123 (1968); *Richardson v. Marsh,* 481 U.S. 200 (1987); *United States v. Turner,* 474 F.3d 1265 (11th Cir. 2007); *United States v. Doherty,* 233 F.3d 1275 (11th Cir. 2000). This is true even if there are "interlocking confessions," i.e., a confession of the defendant which corresponds to the co-defendant's confession. *Cruz v. New York,* 481 U.S. 186 (1987); *Grossman v. McDonough,* 466 F.3d 1325 (11th Cir. 2006). The rule also bars the introduction of a non-testifying co-defendant's confession that impliedly implicates the defendant, even if the defendant's name was redacted from the confession. *Gray v. Maryland,* 523 U.S. 185 (1998); *United States v. Gonzalez,* 183 F.3d 1315 (11th Cir. 1999); *Garcia v. United States,* 278 F.3d 1210 (11th Cir. 2002). If the co-defendant's statement makes no reference to the defendant's name, but still discusses his existence, its admission at a joint trial may be violative of *Bruton* if the jury would logically conclude from the other evidence in the record that the neutral pronoun or general word indeed represented the defendant. *United States v. Foree,* 43 F.3d 1572 (11th Cir. 1995). *See also United States v. Perez*, 166 F.3d 1106 (11th Cir. 1999); *United States v. Gonzalez*, 183 F.3d 1315 (11th Cir. 1999).

The converse of a *Bruton* problem occurs when a redaction alters the meaning of a declarant's statement – either the defendant's own statement (which is redacted to protect the rights of a co-defendant), or a co-defendant's statement (which might be redacted in such a way that either exculpatory information about the defendant is redacted, or an inference of the defendant's guilt is improperly conveyed). *United States v. Range*, 94 F.3d 614, 620 (11th Cir. 1996); *United States v. Pcquette*, --- Fed.Appx. --- (11th Cir. 2014) (unpublished decision, explaining that, although Rule of Completeness in Rule 106 applies only to written statements, the same principle applies to oral statements via Rule 611); *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005).

With these principles in mind, Eugene Chung objects to the government's proposed redactions of the co-defendants' as follows:

<u>Jung Sung Kim</u>

Page One; Fifth Paragraph:  An additional redaction is required to remove the words, "Kim and Lee tried to break the fight between . . . and Chung."

Page Two; Second Full Paragraph:  An additional redaction is required to remove the words, "The conversation between Chung … was heated and they began yelling at each other."

The following line should be added back (and not redacted) to comply with the Rule of Completeness: "it happened so fast that Kim can only remember what he actually saw."

Page Two: the entire last paragraph should be redacted.


<u>Thomas Lee</u>

The entire third paragraph should be deleted, other than the second and third sentences of this paragraph.


<u>Ye El Choi</u>

No changes


<u>Athith Vorasith</u>

Page One; Paragraph Two:  Delete the sentence, "Chung would use sweet talk and manipulate Vorasith."

Page Two: Delete entirely Paragraph Three (beginning with the words, "Vorasith initially denied collecting debts . . .").

Delete entirely Paragraph Four.

Delete entirely Paragraph Five.

Delete entirely Paragraph Six.

Page Three:  First Full Paragraph:  Delete the following two sentences: "Vorasith said that there was a gun in the bag, but he never looked in the bag to verify." "Vorasith said the gun never came out of the bag and he is not sure if the bag went into the airport."

Page Three:  Delete Third and Fourth Paragraphs entirely.

Page Four:  First Continuation Paragraph:  Delete the second-to-last sentence which reads, "Subsequently, Chung, the Bar Owner, and a mediator went to another room."


<u>Eugene Thomas Chung</u>

Though Defendant Chung has no Rule of Completeness challenges to the proposed redactions to his own statement, he reserves the right to supplement this response, or to file additional objections to any redactions that occur as a result of the objections of his co-defendants.


**<u>CONCLUSION</u>**

For the foregoing reasons, Eugene Chung urges the court to order that the government be barred from introducing the statements of co-defendants at a joint trial.  Alternatively, Chung urges the court to sever the trials.

Respectfully submitted,

*Steven H. Sadow*
STEVEN H. SADOW
Georgia Bar No. 622075
Lead Attorney for Defendant Chung

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
404-577-1400
steve8300@me.com

*Donald F. Samuel*
DONALD F. SAMUEL
Attorney for Defendant Chung
Georgia Bar No. 624475

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-2225
dfs@gsllaw.com

CERTIFICATE OF SERVICE

I have this day filed a copy of the foregoing with the Clerk of Court using the ECF system which will automatically send email notification of such filing to the attorneys of record.

This 4th day of June, 2014.

*Steven H. Sadow*
STEVEN H. SADOW