IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Indictment No. |
| v. | ) | |
| | ) | 1:13-cr-00379-TCB-AJB |
| EUGENE THOMAS CHUNG | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT EUGENE CHUNG'S MEMORANDUM IN SUPPORT OF
*BRADY* DISCLOSURE</u>**

The government has submitted for *in camera* review certain information in its possession that it has declined to produce to the defense, but has submitted to the court to determine its discoverability as exculpatory or impeaching information. In its filing (Doc. 181), it proposes a standard of disclosure that is not correct; the defense urges the court to consider whether the information should be disclosed under the proper standard.

The government begins its argument by announcing the standard it apparently contends governs its obligation to produce exculpatory and impeaching information:

As the Court will see upon review of the six attached documents, there are no material inconsistencies between the various statements Victim #3 gave to local and federal authorities sufficient to constitute exculpatory evidence

1

under *Brady* and its progeny. *See Kyles v. Whitley,* 514 U.S. 419, 441 (1995) (evidence favorable to the defendant is "material" if its disclosure "would make "a different result reasonably probable"); *see also United States v. Bagley*, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.). (Doc. 181-4); *see also* Doc. 181-5, footnote 4 (stating that absent a "material" inconsistency in the statement of the witness, disclosure is not required). The only other citations to authority in the Argument suggest that compliance with the Jencks Act (producing the witnesses' statements at trial) is sufficient compliance with *Brady*.

The government's arguments are incorrect on both counts.

1.

The duty of disclosure is not congruent with the standard for appellate review of the failure to disclose. When an appellate court reviews a claim that the government failed to comply with its *Brady* obligation, it determines *first* whether there was a duty to disclose and *second* whether the information that was not disclosed was "material". This latter inquiry is essentially the "harmless error" component of the appellate process and is designed to determine whether the failure to disclose necessitates granting a new trial. In other words, the error in failing to disclose the information requires granting a new trial "if the disclosure of the information would make a different result reasonably probable." *See generally*

*Smith v. Cain*, 132 S. Ct. 627 (2012); *Kyles v. Whitely*, 514 U.S. 419 (1995); *Allen v. Secretary, Fla. Dept. of Corrections*, 611 F.3d 740 (11th Cir. 2010).

But deciding whether the failure to disclose exculpatory or impeaching information requires setting aside a conviction is a different question than deciding whether the information should have been disclosed in the first place. As a matter of constitutional law, the Due Process Clause requires the government to produce any information that is "favorable" to the defense. This requirement is far broader than Rule 16's "material to the defense" requirement. The Supreme Court has expressly held that inconsistent statements in a witness's interviews fall within the ambit of "exculpatory" information. *Smith v. Cain*, 132 S. Ct. 627 (2012). Information that does not qualify as admissible evidence also may qualify as *Brady* information. *Wright v. Hopper*, 169 F.3d 695, 703 & n. 1 (11th Cir. 1999)

The Fourth Circuit's recent decision in *United States v. Bartko*, 728 F.3d 327 (4th Cir. 2013), describes in clear language the difference between the standard that the government must use in deciding what to disclose, and the standard that the appellate court must use in deciding whether the failure to disclose necessitates a new trial. In deciding that the government's failure to disclose in that case did not require reversing the conviction, the court left little doubt that the government was nevertheless errant in failing to provide the information to the defendant in the first place:

3

As detailed above, our confidence in the jury's conviction of Bartko was not undermined by the government's misconduct in this case. And such is the result in many cases. Remedies elude defendants because discovery violations ultimately prove immaterial to the verdict. But that is not the true problem. The problem is that the government appears to be betting on the probability that reams of condemning evidence will shield defendants' convictions on appeal such that at the trial stage, it can permissibly withhold discoverable materials and ignore false testimony. Make no mistake, however. We may find such practices "harmless" as to a specific defendant's verdict, but as to litigants in the Eastern District of North Carolina and our justice system at large, they are anything but harmless. *Id.* at 341.

In short, the government should not decide whether to disclose information by assessing whether the failure to do so will ultimately be deemed to be harmless error. Error is error, even if it is later determined to be harmless.

The government's standard of disclosure also violates its own internal policy that sets the threshold for disclosure lower than the constitutional mandate. United States Attorney's Manual § 9-5.001 through § 9-5.150. Though not binding on this court, the Manual's directive to prosecutors is not just a gratuitous guideline:

1. **Additional exculpatory information that must be disclosed.** A prosecutor must disclose information that is inconsistent with any

4

element of any crime charged against the defendant or that establishes a recognized affirmative defense, regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime.

2. **Additional impeachment information that must be disclosed.** A prosecutor must disclose information that either casts a substantial doubt upon the accuracy of any evidence—including but not limited to witness testimony—the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution evidence. This information must be disclosed regardless of whether it is likely to make the difference between conviction and acquittal of the defendant for a charged crime.

3. **Information.** Unlike the requirements of *Brady* and its progeny, which focus on evidence, the disclosure requirement of this section applies to information regardless of whether the information subject to disclosure would itself constitute admissible evidence.

4. **Cumulative impact of items of information.** While items of information viewed in isolation may not reasonably be seen as meeting the standards outlined in paragraphs 1 and 2 above, several

items together can have such an effect. If this is the case, all such items must be disclosed.

Finally, it should be noted that this court's standing discovery Pretrial Order requires that the government produce any material and information that is "arguably favorable" to the defendant, a threshold which is lower than the standard for reversing a conviction when disclosure does not occur. Pretrial Order IV.B.

2.

The government's suggestion that inconsistencies in the statements of witnesses may be delayed until the time that Jencks Act material is provided also misses the mark. While "impeaching" information *may* be disclosed at the time that Jencks material is disclosed, as noted above, inconsistent statements of witnesses about the offense qualify as *Brady* information, as opposed to just impeaching information. *See Smith v. Cain*. Moreover, delaying the production of *any* information – *Brady* or *Giglio*; exculpatory or impeaching – until the production of Jencks material risks a delay in trial. *See, e.g., United States v. Bueno-Sierra*, 99 F.3d 375 (11th Cir. 1996). Absent some compelling reason, there is no justification for the government to withhold inconsistent statements of its witnesses until a day or two before trial. As the United States Attorney's Manual provides: "Impeachment information, which depends on the prosecutor's decision on who is or may be called as a government witness, will typically be disclosed at

a reasonable time before trial to allow the trial to proceed efficiently. In some cases, however, a prosecutor may have to balance the goals of early disclosure against other significant interests—such as witness security and national security—and may conclude that it is not appropriate to provide early disclosure. In such cases, required disclosures may be made at a time and in a manner consistent with the policy embodied in the Jencks Act, 18 U.S.C. § 3500." United States Attorney Manual § 9-5.001(D). Because the identity of the witnesses are known in this case and there is no witness security or national security issues, disclosure of inconsistent statements should be made as soon as they become known to the government.

RESPECTFULLY SUBMITTED,

**GARLAND, SAMUEL & LOEB, P.C.**

/s/ *Donald F. Samuel*
_____
DONALD F. SAMUEL
Georgia Bar No. 624475
Attorney for Defendant

3151 Maple Drive, N.E.
Atlanta, GA  30305
Telephone: 404-262-2225
Fax:  404-365-5041
Email:  dfs@gsllaw.com

/s/ *Steven H. Sadow*
_____
STEVEN H. SADOW
Georgia Bar No. 622075
Attorney for Defendant

260 Peachtree Street, N.W.
Suite 2502
Atlanta, GA 30303
Telephone: (404) 577-1400
Fax: (404) 577-3600
Email: stevesadow@mindspring.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Indictment No. |
| v. | ) | |
| | ) | 1:13-cr-00379-TCB-AJB |
| EUGENE THOMAS CHUNG | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the within and foregoing DEFENDANT EUGENE CHUNG'S MEMORANDUM IN SUPPORT OF BRADY DISCLOSURE with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This the 3rd day of July, 2014.

/s/ *Donald F. Samuel*
_____
DONALD F. SAMUEL
Georgia Bar No. 624475
Attorney for Defendant